UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ERVIN M. LOPEZ, ) | C/A No. 4:13-2872-BHH-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| WARDEN, LARRY CARTLEDGE ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court upon several motions filed by Petitioner. Petitioner filed a motion to compel discovery, a motion for evidentiary hearing, and a motion for an expansion of the record. (Doc.#32, #33, and #35). Respondent filed a response in opposition to these motions on June 26, 2014. (Doc. #38). Respondent opposes the motions asserting that these motions should not be addressed until the Court renders a decision on the motion for summary judgment which asserts that the habeas grounds are not cognizable, are procedurally defaulted, and/or lack merit. Petitioner filed a reply on July 10, 2014. (Doc. #43).[1]

In his motion to compel discovery, Petitioner asserts that the State withheld "vital information" from the State court. Specifically, it appears the Petitioner is referencing a video tape from a Wal-Mart store that allegedly shows him driving his vehicle in front of the store entrance at the time of the crime which he asserts would exonerate him. Petitioner contends that the State's expert was unable to enhance the video's clarity to see if the Petitioner was on the video, and that neither the police nor solicitor sought more "proficient technology" to view the video. Thus,

---

[1] Respondent filed a motion for summary judgment along with a return and memorandum on June 26, 2014. (Docs. # 36 and #37).

Petitioner is requesting that the court assist him in hiring an expert to view or enhance the video or send it to the FBI. Respondent opposes the motion asserting that Petitioner cannot show good cause where the record should have been developed in the state proceedings as he was afforded a full trial and an evidentiary hearing in PCR, and the issue could have been raised in direct appeal or the during the PCR action and appeal.[2]

While discovery is available under certain circumstances, discovery in §2254 cases is not automatically available, as in other civil cases, but instead requires leave of the district court. Habeas Rule 6(a); Bracy v. Gramley, 520 U.S. 899, 904 (1997); Thomas v. Taylor, 170 F.3d 466, 474 (4th Cir. 1999); Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998). The petitioner must obtain leave of court before discovery can commence. In re Pruett, 133 F.3d 275, 281 (4th Cir. 1997). The district court may allow discovery only if the petitioner shows "good cause." Habeas Rule 6(a). This standard is satisfied if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, supra.

In this case, rather than seeking leave to conduct discovery, Petitioner is asking the court to participate in conducting discovery. Based on the record and arguments of Petitioner, this motion is DENIED. (doc. #32)

Additionally, Petitioner filed a motion for an evidentiary hearing on his amended federal habeas petition and a motion for expansion of the record. (Docs. #33 and #35). Respondent opposes the motions arguing that, given the fact that Petitioner was afforded a full trial and an evidentiary

---

[2] It is noted that the video was introduced at trial, and the expert testified at PCR that he could not enhance the video to reach additional clarity.

hearing in PCR, any factual basis for the claims either was presented or should have been presented before a state court. (Doc. #38). Further, Respondent asserts that the motions are premature as Respondent has filed a motion for summary judgment. Id.

As set forth above, Petitioner seeks to include evidence that he asserts could be generated if the court would assist in conducting discovery. However, Petitioner does not present evidence that was not available or presented in state court. Therefore, Petitioner fails to satisfy 28 U.S.C. §2254 (e)(2). Accordingly, these motions are denied.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

December 30, 2014
Florence, South Carolina