UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERVIN M. LOPEZ, | ) | C/A No. 4:13-2872-BHH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| WARDEN, LARRY CARTLEDGE | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Ervin M. Lopez (Petitioner/Lopez), is currently incarcerated at the Perry

Correctional Institution. Petitioner appearing *pro se*, filed his petition for a  writ of habeas

corpus pursuant to 28 U.S.C. § 2254[1] on October 22, 2013. Petitioner filed an amended

petition on June 19, 2014. Respondent filed a motion for summary judgment on June 26,

2014, along with a return, supporting memorandum, and exhibits. (Docs. #36 and #37).

Petitioner filed a response in opposition on July 25, 2014. The undersigned issued an order

filed June 30, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising

Petitioner of the motion for summary judgment procedure and the possible consequences if

he failed to respond adequately and giving him until August 4, 2014, to file any additional

response to the motion for summary judgment.  (Doc. #39). Petitioner  filed a response on

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c),
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

July 25, 2014.

**Motion for Abeyance**

Petitioner filed a motion to stay and hold his petition in abeyance pending the state court's ruling on his second PCR action. (Doc. # 34). Respondent opposes the motion arguing that the conditional order of dismissal in Petitioner's second PCR action states that the issues are successive so that there is no need to stay the action while the matter is being resolved.

In Rhines v. Weber, supra, the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims. Id. at 275. Under this procedure, rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. Id. Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. Id. The Court recognized, however, that applying the "stay and abeyance" procedure could undermine Congress' design in the AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. Id. at 277. To obtain a stay of a mixed petition, the petitioner must show "good cause" for failing to exhaust his state remedies, that his unexhausted claims are potentially meritorious, and that he has not engaged in dilatory tactics. Rhines, 544 U.S. at 278.

Petitioner filed a second PCR application on July 18, 2013. A conditional order of dismissal was entered in that case on October 10, 2013, finding that Petitioner's second PCR

2

was both successive and untimely. No final order has been provided to this court as of the filing of the report and recommendation. A review of the second PCR application reflects that Petitioner raised an issue that he was denied the right to effective assistance of appellate PCR counsel for failing to raise issues in the PCR appeal and that he has discovered that the state denied him due process of law by using perjured evidence to charge and convict him. As to his claims regarding assistance of appellate PCR counsel, his claims not cognizable for federal habeas review. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir.1988) (claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief); Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) (errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief). As to the second argument, Petitioner argues specifically that he newly discovered that a detainer remains pending on a charge of Assault and Battery with Intent to Kill (ABWIK) which proves that he was illegally detained for the purpose of taking his photo for the photo lineup. However, this argument was presented and addressed in state court and is included in this federal habeas review. Therefore, to the extent Petitioner seeks to stay consideration of this petition until the state courts rule on his second PCR application, it is recommended that the motion be denied. It does not appear that these claims are not plainly meritless.[2] Because Petitioner does not meet the "good cause" requirement of Rhines and his  unexhausted claims are not potentially meritorious, a stay is not appropriate

---

[2] Additionally, the conditional order of dismissal indicates the second PCR is untimely and successive.

3

in this instance. Accordingly, it is recommended that Petitioner's motion to stay his habeas corpus petition (doc.#34) while his second pending PCR application is ruled upon, be denied.

## I.  PROCEDURAL HISTORY

In his response to summary judgment, Petitioner asserts that he agrees with the procedural history as set forth by the Respondent. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent.

Petitioner is currently incarcerated in Perry Correctional Institution pursuant to an order of commitment from the Clerk of Court of Richland County. A Richland County grand jury indicted Petitioner in July 2001 for armed robbery and robbery (01-GS-40-5246), kidnapping (01-GS-40-5247), assault and battery of a high and aggravated nature (ABHAN) and carrying a concealed weapon (01-GS-40-5248), and grand larceny of a vehicle (01-GS-40-5249). Attachment 1, PCR Appendix at 935–46. Petitioner proceeded to a jury trial on July 8–11, 2002, before the Honorable James C. Williams, Jr. Attachment 1, PCR App. at 1–667. Charles Brooks represented Petitioner at trial. Attachment 1, PCR App. at 1. On July 11, 2002, the jury found Petitioner guilty of all four charges. Attachment 1, PCR App. at 661–62. Judge Williams sentenced Petitioner to the following terms of incarceration, which were to run consecutively: five (5) years for grand larceny, ten (10) years for ABHAN, fifteen (15) years for armed robbery, and life without parole for kidnapping . Attachment 1, PCR App. at 665–66.

Petitioner filed a notice of appeal, and on October 31, 2003, Aileen P. Clare, Assistant

Appellate Defender of the South Carolina Office of Appellate Defense, filed a final <u>Anders</u> brief on Petitioner's behalf. Appellate counsel raised the following issues in the direct appeal: (1) "Did the lower court err by admitting an unreliable identification?" (2)" Did the lower court err by admitting evidence of uncharged offenses?" Attachment 1, PCR App. at 671. Appellate counsel also submitted a request to be relieved as counsel as "in her opinion, the appeal [was] without legal merit sufficient to warrant a new trial." Attachment 1, PCR App. at 675. On November 5, 2003, the Clerk of the South Carolina Court of Appeals advised Petitioner that he could file a pro se "brief addressing any issues you believe the Court should consider in this appeal." Attachment 2, Letter dated May 6, 2008 from Court of Appeals (Direct Appeal).  On November 18, 2003,  the court received Petitioner's pro se <u>Anders</u> brief raising the following issues:

> I.    Did the Trial Court error by admitting an unreliable and impermissibly suggestive photo lineup and a in court identification that was tainted and thereby violated Appellant's Sixth and Fourteenth Amendment Rights?
>
> II.   Did the Trial Court error by admitting a prior bad act that was in fact uncharged?
>
> III.  Did Trial Court Error in failing to grant a Direct Verdict when conviction was based on evidence that was Unconstitutionally admitted and Constitutionally insufficient?

Attachment 3, Pro Se <u>Anders</u> Brief (Direct Appeal) (errors in original).

In an unpublished opinion filed May 6, 2004, the South Carolina Court of Appeals dismissed Petitioner's direct appeal. Attachment 1, PCR App. at 678–79. In the same order,

the court granted appellate counsel's motion to be relieved as counsel. Attachment 1, PCR App. at 678.

Thereafter, Petitioner filed a petition for rehearing en banc, Attachment 4, which was denied by the court on June 25, 2004, see Attachments 5 and 6. Petitioner subsequently filed a petition for writ of certiorari, Attachment 7, which the Supreme Court of South Carolina dismissed in an order dated April 29, 2005, Attachment 8, Order of Dismissal dated Apr. 29, 2005 (Direct Appeal). South Carolina Court of Appeals issued a remittitur on May 3, 2005. Attachment 9. Petitioner filed an application for post-conviction relief (PCR) on June 22, 2005. Attachment 1, PCR App. at 680 –769.

Petitioner raised the following claims in his PCR application, quoted verbatim:

(1)     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE STATES LEGAL JURISDICTION OF A WARRANTLESS ARREST PRIOR TO PROBABLE BEING ESTABLISHED.

(2)     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE SEIZURE OF CLOTHING FOR BLOOD ANALYSIS.

(3)     TRIAL COUNSEL WAS IEFFICTIVE FOR FAILING TO ARGUE THAT THE "HANDS OF ONE, HANDS OF ALL" WAS ERROR WHERE THE APPLICANT HAD BEEN INDICTED AS A PRINCIPLE.

(4)     DID THE PROSECUTION PERFORM IN MISCONDUCT OF AUTHORITY AS AN OFFICER OF THE COURT?

(5)     THE APPLICANT WAS DENIED THE RIGHT TO EFFICTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSE'S FAILURE TO OBJECT TO APPLICANT'S

6

ILLEGAL LIFE SENTENCE.

(6)    THE APPLICANT WAS DENIED THE RIGHT TO EFFICTIVE ASSISTANCE OF TEIAL COUNSEL BY COUNSEL'S FAILURE TO MOVE TO QUASH AN INDICTMENT CONTAINING TWO DISTINCT OFFENSES.

(7)    THE APPLICANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO OBJECT TO AN AMENDMENT TO HIS "GRAND LARCENY" INDICTMENT.

(8)    THE APPLICANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTance of trial counsel by counsel's FAILURE TO RAISE AND ARGUE A SELF - DEFENSE

(9)    THE APPLICANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S OMISSION OF EVIDENCE FAVORABLE TO THE DEFENSE.

(10)    THE APPLICANT WAS RENDERED CONSTRUCTIVE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY THE SOLICITOR'S INDICTMENT PROCEDURE.

(11)    THE APPLICANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTance of trial counsel by counsel's FAILURE TO OBJECT TO HEARSAY TESTIMONY.

(12)    DID THE PROSECUTOR PERFORM IN MISCCONDUCT OF AUTHORITY AS AN OFFICER OF THE COURT?

(13)    THE APPLICANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO DO A FULL INVESTIGATION INTO THE APPLICANT'S CASE.

7

An evidentiary hearing was convened on April 3, 2009, before the Honorable L. Casey Manning.   Attachment 1, PCR App. at 785–806. Petitioner was present and represented by Gwendolyn Smalls at the hearing. Attachment 1, PCR App. at 785. At Petitioner's request and against the position of the State, Judge Manning continued the matter, but Judge Manning allowed one witness to testify. Attachment 1, PCR App. at 788–805.

A subsequent evidentiary hearing was convened on November 5, 2009, before the Honorable G. Thomas Cooper, Jr. Attachment 1, PCR App. at 807–77. Judge Cooper denied and dismissed with prejudice Petitioner's PCR application. Attachment 1, PCR App. at 379-901.

On May 20, 2010, PCR appellate counsel filed a notice of appeal on Petitioner's behalf. Attachment 10, Notice of Appeal (PCR Appeal). In a letter dated July 1, 2010, Petitioner asked that he be allowed to proceed pro se and not be appointed counsel in his PCR appeal. Attachment 1 1I, Letter dated July 1, 2010 from Ervin Lopez (PCR Appeal). On July 9, 2010, the South Carolina Supreme Court received a motion for remand from Petitioner. Attachment 1, PCR App. at 902 – 34. The Clerk of the South Carolina Supreme Court advised the Office of Appellate Defense of the South Carolina Commission on Indigent Defense that no action would be taken on the pro se filing because Petitioner was represented in his PCR appeal. Attachment1, Letter dated July 12, 2010 from Supreme Court of South Carolina (PCR Appeal).

8

On January 4, 2011, Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a <u>Johnson</u> Petition for Writ of Certiorari and presented the following issues:

> I.     Whether trial counsel rendered ineffective assistance of counsel when he did not challenge law enforcement's use of a photograph, obtained after petitioner was incarcerated for a minor traffic offense, and which constituted the basis of the accuser's identification of petitioner as her assailant?
>
> II.    Whether trial counsel rendered ineffective assistance of counsel when he did not object to the judge's charging the jury as to "the hand of one, hand of all" when law enforcement failed to identify a second alleged conspirator?

Attachment 13, <u>Johnson</u> Petition for Writ of Certiorari (PCR Appeal). Along with the <u>Johnson</u> Petition, PCR appellate counsel filed a petition to be relieved as counsel. Attachment 13, <u>Johnson</u> Petition at 10.

On January 5, 2011, the Clerk of the Supreme Court of South Carolina advised Petitioner that he could file a *pro se* response to PCR appellate counsel's petition. Attachment 14, Letter dated January 5, 2011 from Supreme Court of South Carolina (PCR Appeal). On February 17, 2011, the court received Petitioner's *pro se* petition where he raised the following issues:

> I.     Whether petitioner was rendered ineffective assistance of counsel by counsel's failure to properly investigate the solicitor's indictment procedure?
>
> II.    Whether petitioner was rendered constructive ineffective assistance of counsel by solicitor's indictment procedure before a preliminary

hearing was held?

III.  Whether petitioner was rendered ineffective assistance of trial counsel's failure to object to his life without parole sentence in violation of Ex Post Facto Law?

IV.  Whether petitioner was rendered ineffective assistance of trial counsel's failure to object to an amendment to his "Grand Larceny of a Motor Vehicle" indictment?

Attachment 15, *Pro Se* Johnson Petition (PCR Appeal).

Petitioner subsequently filed a document entitled Designation of Matter to be Included in the Record on Appeal dated April 26, 2011. Attachment 16, Petitioner's Designation of Matter dated April 26, 2011 (PCR Appeal). Petitioner filed another document with the same title in September 2011. Attachment 17, Petitioner's Designation of Matter dated September 1, 2011 (PCR Appeal). The South Carolina Supreme Court construed both of these submissions as motions to supplement his pro se Johnson petition and granted the motions and accepted the documents. Attachment 18, Order dated May 12, 2011 (PCR Appeal), Attachment 19, Order dated Oct. 3, 2011 (PCR Appeal).

On April 12, 2012, Petitioner submitted a motion to stay his appeal for remand to file a Rule 60 motion. Attachment 20, Motion to Stay the Appeal for Remand to File a Rule 60 Motion (PCR Appeal). On April 27, 2012, the State filed a return to the motion. Attachment 21, Return to Motion to Stay the Appeal for Remand to File Rule 60 Motion (PCR Appeal). The South Carolina Court of Appeals subsequently denied the motion. Attachment 22, Order dated June 8, 2012 (PCR Appeal). Thereafter, Petitioner filed a petition for rehearing and rehearing en banc, Attachment 23. The Court refused. Attachment 24, Order dated July 6,

2012 (PCR Appeal).

In an order filed July 8, 2013, the South Carolina Court of Appeals denied the petition. Attachment 25, Order dated July 8, 2013 (PCR Appeal). The court issued a remittitur on July 24, 2013. Attachment 26, Remittitur (PCR Appeal).

On July 18, 2013, Petitioner filed a second PCR application. Attachment 27, PCR Application (Second PCR). Petitioner raised the following issues in the application:

> I.      APPLICANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO RAISE AND ARGUE HIS CONSTRUCTIVE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.
>
> II.     THE APPLICANT HAS DISCOVERED SINCE HIS TRIAL AND P.C.R. PROCEEDINGS THAT THE STATE DENIED HIM DUE PROCESS OF LAW UNDER THE U.S. AND SOUTH CAROLINA CONSTITUTION BY USING PERJURED EVIDENCE TO CHARGE AND CONVICT HIM AND MULTIPLE ILLEGAL ACTS OF THE INVESTIGATING AUTHORITIES AND STATE ACTION INTERFERENCE. (ALTERNATIVELY Applicant raised this ground under ineffective assistance of Trial Counsel).

Attachment 27, PCR Application (Second PCR).[3]

---

[3] In the copy submitted to the court by respondent, the memorandum was not attached to the second PCR application setting forth the arguments. Therefore, the court issued an order on December 19, 2014, directing the Respondent to provide the Court with a copy of the memorandum of law referenced in Petitioner's second PCR action and to provide an update on the status of the final order in the second PCR action. On December 23, 2014, Respondent informed the court that the final order of dismissal in the second PCR action had not been issued. Respondent attached a copy of the memorandum referenced in the second PCR action stating that the poor quality of the document was the condition it was received by Respondent and the state court did not have a better quality copy of the document.

The State submitted its return on September 26, 2013. Attachment 28, Return (Second PCR). On October 10, 2013, Judge L. Casey Manning issued a conditional order of dismissal finding the second PCR application successive and informing Petitioner that the court would dismiss his second PCR application with prejudice unless Petitioner provided specific reasons why the application should not be dismissed in its entirety. Attachment 29, Conditional Order of Dismissal (Second PCR). Since that order, Petitioner has filed a response to the conditional order of dismissal. Attachment 30. He has also filed multiple other documents, including: Motion for recusal of Post-Conviction Judge (Attachment 31), Notice and Motion to Seal the Record of this Case and Remove it to the 4th Circuit Court of Appeals (Attachment 32), and Motion to Alter or Amend Rule 59(e) (Attachment 33). The State filed a proposed final order for dismissal on June 24, 2014. Attachment 34, Proposed Final Order of Dismissal (Second PCR). Respondent's counsel has indicated that he will supplement this return with any order that the state court issues in Petitioner's second PCR action.

## II.  HABEAS ALLEGATIONS

Petitioner filed his petition on October 22, 2013. Petitioner filed an amended petition on June 19, 2014. Petitioner raises the following allegations:

GROUND ONE:    Anders brief by S.C. Appellate Defense; pro se Brief
                                         of Appellant.

Supporting facts:    See final Anders Brief, dated October 31, 2002. See Pro Brief
                                      to Anders Brief of Appellant, dated November 14, 2003.

Therefore, the claims raised in the <u>Anders</u> brief are as follows:[4]

> (A)    Did the lower court err by admitting an unreliable identification? Did the Trial Court error by admitting an unreliable and impermissibly suggestive photo lineup and a in court identification that was tainted and thereby violated Appellant's Sixth and Fourteenth Amendment Rights?

> (B)    Did the lower court err by admitting evidence of uncharged offenses? Did the Trial Court error by admitting a prior bad act that was in fact uncharged?

> (C)    Did Trial Court Error in failing to grant a Direct Verdict when conviction was based on evidence that was Unconstitutionally admitted and Constitutionally insufficient?

GROUND TWO:    the South Carolina Appellate Defense submitted a <u>Johnson</u> Petition and Petitioner submitted a pro se Brief on his own.

Supporting facts:    See Johnson Petition submitted by the South Carolina Appellate Defense. See Pro se Brief of Petitioner submitted on his own behalf. Petitioner argues all ground raised in both pleadings as grounds for habeas Corpus Relief. [5]

The issues raised were as follows:

(A)    Whether trial counsel rendered ineffective assistance of counsel when he did not challenge law enforcement's use of a photograph, obtained after petitioner was incarcerated for a minor traffic offense, and which constituted the basis of the accuser's identification of petitioner as her assailant?

(B)    Whether trial counsel rendered ineffective assistance of counsel

---

[4] The claims will be delineated as Grounds One A, B, and C, for purposes of this report and recommendation.

[5] These claims will be delineated as Grounds Two A-F for purposes of this report and recommendation.

when he did not object to the judge's charging the jury as to "the hand of one, hand of all" when law enforcement failed to identify a second alleged conspirator?

(C)     Whether petitioner was rendered ineffective assistance of counsel by counsel's failure to properly investigate the solicitor's indictment procedure?

(D)     Whether petitioner was rendered constructive ineffective assistance of counsel by solicitor's indictment procedure before a preliminary hearing  was held?

(E)     Whether petitioner was rendered ineffective assistance of trial counsel's failure to object to his life without parole sentence in violation of Ex Post Facto Law?

(F)     Whether petitioner was rendered ineffective assistance of trial counsel's failure to object to an amendment to his "Grand Larceny of a Motor Vehicle" indictment?

(Petition).

In a submission filed June 12, 2014 with this Court, Petitioner made a motion to amend/correct his petition and asked to add the following issues to his habeas petition:[6]

Ground Three       Trial Counsel was ineffective for failing to challenge the States Legal jurisdiction of The initial Warrantless Arrest that lacked Probable Cause.

Ground Four         The Petitioner was rendered Constructive ineffective assistance (sic) of Trial Counsel by Solicitors indictment procedure.

Ground Five         The Petitioner was deprived the right to Effective assistance of Trial Counsel by States omission of Evidence favorable To The Defense.

Ground Six          Trial counsel was ineffective for failing to argue to the Trial Judge, That the State did not have a right to seek

---

[6] These additional claims will be delineated as Grounds Three, Four, Five, and Six.

14

Life Without Parole (LWOP) Pursuant to S.C. Code
Section 17-25-45.

(Doc. #31).

### III.  STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for

summary judgment, the court must also consider the petition under the requirements set forth

in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in the State court proceedings unless the adjudication of
> the claim-
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the

case.  Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor,

529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of federal law is

different from an incorrect application of federal law,' because an incorrect application of

federal law is not, in all instances, objectively unreasonable." *Id.*  "Thus, to grant [a] habeas

petition, [the court] must conclude that the state court's adjudication of his claims was not

only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719

(4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be

correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear

15

and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## V.  ANALYSIS

### Ground One(A)

In Ground One(A) of his habeas petition, Petitioner argues that the lower court erred by admitting an unreliable and impermissibly suggestive photo lineup and an in court identification that was tainted. In his response in opposition to the summary judgment motion, Petitioner asserts that the victim gave conflicting descriptions to different officers, that she was beaten in the face causing her to bury her face to protect it, and that at the time he was arrested he had facial hair which had not been mentioned by the victim in giving her descriptions. Additionally, Petitioner argues that the identification was suggestive because he was the only one wearing "jailhouse" clothing, that he had walked past the victim in his blue jumpsuit, she was then shown a picture in the photo lineup with him being the only one wearing the blue jumpsuit, and she was allowed to view him again in his blue jumpsuit at the bond hearing. Petitioner essentially argues that he was wrongfully held in custody for the

traffic violations and the ABWIK charge that lacked probable cause so that they could obtain his picture and conduct the suggestive photo lineup. Specifically, he asserts that no-one else was detained for traffic violations and the ABWIK charge was lodged without the victim or anyone else identifying him which was necessary to be charged for the offense. Specifically, Petitioner states that "[i]t is constitutional error to admit testimony that victim identified Petitioner at a pretrial, prearranged station house lineup while the Petitioner was charged in connection with the crime and in jail without advising Petitioner that he might have counsel present." (Doc. #49, p. 8).

Respondent argues that the trial court's admission of the victim's identification of Petitioner after a Neil v. Biggers hearing was based on reasonable findings of fact and application of federal law and should not be disturbed in this habeas action. Therefore, Respondent asserts this issue should be dismissed.

The trial court held a Neil v. Biggers[7] hearing at the time of the trial. (Tr. 27-81). The victim testified that she clearly saw the two men that attacked her as she was leaving an ATM machine and that she had plenty of opportunity to see his face during the incident. During her testimony, she identified Petitioner as the person who attacked her. She further testified that she identified him initially at a photo lineup and then at the bond hearing. An officer testified that the victim described her attacker to him just hours after the attack and identified him from a photo lineup. Even though Petitioner's trial counsel moved to suppress the

---

[7] 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) (setting forth standard for whether in-court identification is admissible).

identification, the trial court concluded that both the pre-trial identification was not

suggestive and the identification was reliable stating:

> Looking at the Neal versus Biggers factors, and considering the testimony that has been introduced here, I don't see any evidence whatsoever that would tend to lead to mis-identification.
>
> Certainly, there is nothing subjective about anything that was done in the lineup, and certainly she saw him two or three times before he started striking her.
>
> There is some slight discrepancy but not a big discrepancy when she talked about the hundred and forty pounds and she thought he was bigger than that, the discrepancy between the hundred and forty pounds and the hundred and eighty pounds.
>
> According to her testimony, she was quite positive when she saw the show-up or line-up, photo line-up, as well as at the bond hearing when she saw him. She said it was him, and there was fear on her part when she saw him there.
>
> As to her identification in the Courtroom, there is nothing to indicate her identification was based on anything except her experience that night.
>
> So I find the photo lineup identification, as well as the identification in the Courtroom, is admissible.

(Tr. 80-81).[8]

This issue was raised on direct appeal in the Anders brief and dismissed by the South

Carolina Court of Appeals after review.

The trial court conducted a hearing pursuant to Neil v. Biggers and, as set forth above,

found the identification testimony admissible. The state court decisions were not "contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States; or result[ed] in a decision that was based on an

---

[8] To the extent Petitioner raises a Sixth Amendment argument based on right to counsel at the time of the photo lineup, such an issue was not raised and addressed in state court, and, thus would be procedurally bared from consideration here.

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1),(2); Williams, supra.

**Ground One(B)**

In Ground One (B), Petitioner asserts that the trial court erred in admitting evidence of prior bad acts that were uncharged offenses in violation of S.C.R.Evid. 404(b). In his response in opposition to summary judgment, Petitioner asserts that the car he was driving at the time of his arrest for traffic violations was impounded for the sole purpose of searching the vehicle for items pertaining to the crime against the victim. Petitioner asserts that the "crack pipe" was the only thing found in the vehicle and it did not have his fingerprints on it. Petitioner argues that drug paraphernalia should not have been introduced at trial as it was not related to the crime of ABWIK and "did not establish a material fact or element of the crime charged." (Doc. #49, p. 14). Petitioner argues that admitting evidence of an uncharged crime was prejudicial as it portrayed him as a dishonest person and drug user who robbed people to buy crack cocaine. Id. at 15. Respondent asserts that this issue is not cognizable as it does not contemplate a violation of federal law.

Federal habeas relief is not available under a claim based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). Therefore, it is recommended that Ground One(B) be dismissed and Respondent's motion for summary judgment granted as this ground is not cognizable under federal habeas review.

**Ground One (C)**

20

In Ground One (C), Petitioner argues that the trial court erred in failing to grant a directed verdict when his conviction was based on evidence that was unconstitutionally admitted and insufficient. Respondent argues this issue is procedurally defaulted as it was not presented to the trial court.

This argument is procedurally barred as it was not specifically raised before the trial court to preserve it for review on direct appeal. Trial counsel argued that there was not "sufficient evidence" for a jury to draw from to sustain a conviction on the charges of ABHAN, strong arm robbery, and kidnapping. (Tr. 545). Trial counsel also argued that no evidence was presented to the jury that Petitioner attempted to take the vehicle with relation to the charge of grand larceny. (Tr. 546). However, trial counsel did not argue that a directed verdict was appropriate "based on the unconstitutional admission of evidence." This issue was not raised at the trial level as a constitutional issue but as a sufficiency of state evidence. The exhaustion requirement demands that the petitioner "do more than  scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick" Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)(*quoting* Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). In Pethtel v. Ballard, 617 F.3d 299, 306 (4th Cir. 2010), the Fourth Circuit held as follows:

> "[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) (citing Picard v.

Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). Although the claims presented need not be "identical," see Ramdass v. Angelone, 187 F.3d 396, 409 (4th Cir.1999), the petitioner must present the " 'substance' of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam). Presenting the "substance" of the claim requires that the claim "be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir.1988)). "In other words, fair presentation contemplates that 'both the operative facts' and the 'controlling legal principles' must be presented to the state court." Matthews, 105 F.3d at 911 (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir.1992)).

Therefore, this issue is procedurally barred and Petitioner has not shown cause or actual innocense to overcome the default. Additionally, the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). Accordingly, it is recommended that Ground One(C) be dismissed.

In the remainder of the grounds raised in the habeas petition, Petitioner raises claims of ineffective assistance of counsel. The law will be discussed and then each ground will be analyzed individually.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his

counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985) (quoting <u>Strickland</u>, <u>reversed on other grounds</u>, 476 U.S. 28 (1986)).  In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional  errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide range</u> of professionally competent assistance.  (Emphasis added.)

In <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* <u>Strickland</u> at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice

23

he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Supreme Court confirmed that the correct standard for judging ineffective assistance of claims is the Strickland standard.

Additionally, when presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

**Grounds Two (A) and Three**

Petitioner argues ineffective assistance of trial counsel for failure to challenge the use of a booking photograph of him in the July 5 photo lineup because the photograph used in the lineup was obtained while he was improperly detained for a minor traffic offense. In Ground Three, Petitioner argues that trial counsel was ineffective for failing "to challenge

24

the States Legal jurisdiction of The Initial Warrantless Arrest that lacked Reasonable Cause." (Amended petition).

Respondent asserts that the PCR court found the arrest to be proper so that the use of the photograph was also proper. Respondent argues that the PCR court's rejection of this argument was a reasonable application of law.

At the PCR hearing, Petitioner testified that it was his belief that trial counsel was ineffective for failing to move to have the identification suppressed because it was based on a photo lineup using a photo of Petitioner that was taken while he was illegally detained. He asserts that while in custody for the traffic offenses, he was charged with assault and battery with intent to kill (ABWIK) and that at that time the victim had not identified him which, he asserts, was necessary for there to be probable cause for a ABWIK charge. Petitioner asserts that he should not have been taken into custody at the time of his traffic violations but allowed to be released to later appear to pay his fines. Petitioner argues, instead, he was taken to the station, his clothes taken, and he was placed into a jumpsuit so that his picture could be taken to be used in the photo lineup. He argues "[h]ow could Petitioner be arrested for A.B.I.K. on July 4, 2001 and the victim, Ms. Michael did not identify him until July 5, 2001." (Doc. #49, p. 19).   He asserts, therefore, the photo lineup should have been suppressed as in effect fruit of the poisonous tree.

Trial counsel testified that he did not challenge the photograph because he believed the police were entitled to take the photograph for use in the photo-lineup because they could have arrested him for the traffic infractions without the ABWIK charge.

25

In the order of dismissal, the PCR court concluded as follows:

> The Applicant's argument is without merit. This Court has reviewed the record, including the testimony of law enforcement, and does not share the Applicant's conclusion that his arrest was in anyway improper. An arrest warrant exists for both the kidnapping charge and the ABHAN charge . . . The Applicant was served with these warrants on July 6, 2001. The record indicates that the Applicant was taken into custody, prior to the service of these warrants, initially under investigative detention for driving without a license and an open container violation. He was also a suspect for robbery and assault. The Applicant admits that he was driving without a license and he confessed to law enforcement that he shoplifted forty-eight (48) beers. "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." <u>Atwater v. City of Lago Vista</u>, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557 (2001).

(Tr. 889).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); <u>Williams, supra</u>. The PCR court found Petitioner's arrest and subsequent photograph to be proper. Therefore, trial counsel was not ineffective for failing to object to a photograph taken as a result of a proper arrest. Additionally, the PCR court found credible trial counsel's testimony that he did not object to the use of the photograph because he believed that Petitioner's detainment was proper. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1).

<u>Evans v. Smith</u>, <u>supra</u>; <u>Wilson v. Moore</u>, <u>supra</u>.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Further, based on the above, those findings are neither contrary to, nor involve an unreasonable application of, clearly established federal law and this court must defer to it. 28 U.S.C. § 2254(d)(1); <u>Williams v. Taylor</u>, <u>supra</u>.  Additionally, as this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. <u>See</u> <u>Wright v. Angelone</u>, 151 F.3d 151, 156-158 (4th Cir.). Accordingly, the undersigned recommends that Respondents' motion for summary judgment be granted with respect to Grounds Two (A) and Three.

**<u>Ground Two (B)</u>**

In Ground Two (B), Petitioner argues that trial counsel was ineffective for failing to challenge the trial court's "hand of one, hand of all" instruction when law enforcement failed to identify a second alleged conspirator. Respondent asserts that the PCR court's denial of this claim is entitled to deference as Petition failed to meet his burden of proof at the PCR hearing.

In the order of dismissal, the PCR court held the following:

> This argument was not presented at the PCR hearing to satisfy Applicant's burden of proof and demonstrate that he was entitled to relief. In addition, there was evidence that more than one person were involved in the attack.

(Tr. 891).

As the PCR court's rejection of the ineffective assistance of counsel ground for relief for failing to meet his burden did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. "Under the 'hand of one is the hand of all' theory [of accomplice liability], one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose." See State v. Mattison, 388 S.C. 469, 697 S.E.2d 578, 584 (S.C.2010) (quoting State v. Condrey, 349 S.C. 184, 562 S.E.2d 320, 324 (S.C.Ct.App.2002)). The PCR court found that there was evidence that more than one person was involved in the attack. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Further, based on the above, those findings are neither contrary to, nor involve an unreasonable application of, clearly established federal law and this court must defer to it. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, supra. Accordingly, the undersigned recommends that Respondents' motion for summary judgment be granted with respect to Ground Two (B).

**Ground Two (C)**

Petitioner argues ineffective and "constructive" ineffective assistance of counsel challenging trial counsel's performance in relation to the indictment procedures in his case.

In his response in opposition to summary judgment, Petitioner argues that the absence of a term of general session on July 18, 2001, deprived the court of jurisdiction over his case because "no indictment may be True Billed by a grand jury when general sessions/circuit Court lacks jurisdiction (or is not in term to oversee grand jury proceedings) since grand jury's Jurisdiction is coextensive with criminal jurisdiction. . . " (Doc. #49, p. 28-29). Petitioner asserts that he argued that the trial court lacked subject matter jurisdiction at PCR, but the PCR court did not address the argument. Petitioner argues that this issue is not procedurally defaulted because he also raised it in his pro se brief in support of his petition for writ of certiorari. Respondent argues that this claim was not raised to and ruled upon by the PCR court. Therefore, Respondents asserts Ground Two (C) is procedurally barred.

It is recommended that Ground Two (C) be dismissed as procedurally barred from federal habeas review in that it was not raised and/or ruled upon by the PCR court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Plyer v. State, 424 S.E.2d 777 (1992); Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009); Marlar, supra; Coleman, supra. Additionally, even if the issue was not procedurally barred with respect to a lack of subject matter jurisdiction, it would fail because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.).

**Grounds Two (D) and Four**

29

In Grounds Two (D) and Four, Petitioner argues that trial counsel rendered "constructive ineffective assistance of counsel" by solicitor's indictment procedure before a preliminary hearing was held. In his response in opposition to summary judgment, Petitioner asserts that under South Carolina Law, a defendant is entitled to a preliminary hearing and assistance of counsel upon a timely request for a determination of whether there was probable cause for the issuance of the arrest warrants. Respondent argues that the PCR court rejected the argument finding Petitioner was not entitled to a preliminary hearing, and, thereby, there was no ineffective assistance of counsel.

In the PCR court's order of dismissal, the court concluded as follows:

> The Applicant complains that he never had a preliminary hearing. The Applicant's claim is without merit. The Applicant was indicted for his offenses on or about July 18, 2001. Accordingly, no preliminary hearing was required. Rule 2(b), SCRCrimP.

(Tr. 894).

The PCR court found that based on state law, a preliminary hearing was not required. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Because no preliminary hearing was required under the state rules, there can be no ineffective assistance of counsel for failing to request or obtain a preliminary hearing. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Grounds Two(D) and Four.

**Grounds Two(E) and Six**

Petitioner asserts that trial counsel was ineffective for failing to object to his life without parole (LWOP) sentence in violation of Ex Post Facto Law and the State did not have a right to seek LWOP pursuant to S.C. Code §17-25-45.  Specifically, Petitioner argues that his 1992 conviction in Pennsylvania preceded the enactment of S.C. Code Ann. §17-25-45 (establishing life sentences for persons convicted of ceratin crimes) making his LWOP sentence a violation of ex post facto clause.  In his response in opposition, Petitioner argues that the statue states that it is to be applied to crimes after the enactment of the statue and that his Pennsylvania convictions were prior to the statute. Respondent argues that because there was no ex post facto violation, trial counsel could not be ineffective for failing to make such an argument at trial.

The PCR concluded as follows in the order of dismissal:

> The Applicant claims that the recidivist statute (S.C. Code 17-25-35) violates the ex post facto clause because his predicate offenses (1992 Pennsylvania conviction(s)) predate the enactment of S.C. Code 17-25-45. The Applicant's claims are without merit. State v. Jones, 344 S.C. 48, 59, 543 S.E.2d 541, 546 (2001). Accord Phillips v. State, 331 S.C. 482, 504 S.E.2d 111 (1998) (no ex post facto violation for legislature to enhance punishment for later offense based on prior conviction, even though enhancement provision was not in effect at time of prior offense).

(Tr. 892).

The PCR court found that based on state law, there was no ex post facto violation. A state court's decision on a question of state law is binding in federal court. See Estelle v.

<u>McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Thomas v. Davis</u>, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Because there was no ex post facto violation, there can be no ineffective assistance of counsel for failing to object. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of <u>Strickland</u> and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. <u>Strickland</u>, <u>supra</u>.  Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Grounds Two(E) and Six.


**<u>Ground Two(F)</u>**

In Ground Two(F), Petitioner argues ineffective assistance of trial counsel for failing to object to an amendment of his grand larceny of a motor vehicle indictment. In his response in opposition, Petitioner contends that he "was initially indicted for 'Grand Larceny of a Motor Vehicle' at trial the Solicitor's realized they could not prove it with the evidence they had. So they Amended the indictment in open court without objection from trial counsel." (Doc. #49, p. 33). Thus, Petitioner asserts that by amending the indictment, the trial court lost subject matter jurisdiction. <u>Id</u>. Respondent argues that trial counsel could not be ineffective for failing to raise an unmeritorious issue.

In the order of dismissal, the PCR court concluded as follows:

> This allegation is without merit. It is a general rule that every completed crime necessarily includes an attempt to commit it, so that, under a charge of a completed offense, an accused may

> be convicted of the lesser offense of attempting to commit the crime charged. U.S. Remigio, 767 F.2d 730, 18 Fed. R. Evid. Serv. 1098 (10th Cir. 1985), see State v. Reid, 383 S.C. 285, 679 S.E.2d 194 (S.C. App., 2009). Thus, the Applicant was on notice from an indictment or information that validly charges offense of the potential of being convicted of an attempt as well as of lesser included offenses even when those are not charged. CJS INDICTMENT §303.

(Tr. 892-893).

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra. Thus, the undersigned recommends that the Respondents' motion for summary judgment be granted on Ground Two.


**Ground Five**

Petitioner argues that he was "deprived the right to effective assistance of Trial Counsel by States omission of evidence favorable to The Defense." (Amended petition). Respondent argues that this issue should be dismissed for lack of specificity. Additionally, Respondent argues that if the court construes the claim as analogous to issue nine raised on ruled upon by the PCR court, the argument lacks merit.

In Petitioner's response in opposition to summary judgment, he argues that the bank informed counsel that they could not locate an account under the victim's name and there

was no evidence that she withdrew twenty dollars as the victim claimed. Petitioner argues that trial counsel failed to cross-examine both the victim and the bank's operations and security manager concerning the account and withdrawal.

The issue raised at PCR and addressed in the PCR order of dismissal as Issue 9 was "The Applicant was denied the right to effective assistance of trial counsel by counsel's omission of evidence favorable to the defense" which appears to be the same issue raised in Ground Five. The PCR court found the issue had no merit stating:

> The Applicant claims that because the victim did not have an account at the First Citizen Bank [incident location], then she could not have used her ATM card at the ATM machine that evening to withdraw $20. This Court takes judicial notice that one need not have an account at the actual bank that the ATM machine is located in order to withdraw funds. See AMJUR Bank §780.

(Tr. 894).

The PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. Trial counsel was not ineffective for failing to object to a meritless issue. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra. Thus, the undersigned recommends that the Respondents' motion for summary judgment be granted on Ground Five.

34

## VI.  CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #36) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Further, IT IS RECOMMENDED that Petitioner's motion to stay and hold his petition in abeyance (doc. #34) be denied and any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 30, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**