UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Ervin M. Lopez,

　　　　　　　　　　Petitioner,

vs.

Warden, Larry Cartledge

　　　　　　　　　　Respondent.

Civil Action No.: 4:13-2872-BHH

**Opinion and Order**

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 61) recommending that the Court grant the respondent's motion for summary judgment (ECF No. 36), deny the petition for Writ of Habeas Corpus, and deny the petitioner's motion to stay and hold his petition in abeyance (ECF No. 34).  For the reasons set forth below, the Court agrees with the Report and adopts the recommended disposition of the Magistrate Judge.

**BACKGROUND**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Thomas E. Rogers, III.  On December 30, 2014, the Magistrate Judge issued a 35-page report, which thoroughly and exhaustively sets forth the relevant facts, procedural history, and standards of law on this matter, and the Court incorporates them without recitation.  The petitioner filed

objections to the Report on February 17, 2015.[1]  After reviewing the petitioner's objections, the Court requested that the respondent submit additional briefing addressing the petitioner's argument that the presentation of evidence from an allegedly suggestive photo lineup violated his due process rights.  (*See* ECF No. 90.) The respondent submitted the requested briefing (ECF No. 93) on July 17, 2015, and the petitioner filed a response (ECF No. 97) on August 6, 2015.  Having reviewed these documents, the Court now proceeds to consider the Report.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.   The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270– 71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*.  Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[*D*]e *novo* review [is] unnecessary in . . . situations when a party makes general and conclusory

---

[1] The petitioner moved for an extension of time to file objections on January 12, 2015, and was granted an extension until February 17, 2015.  After failing to receive the petitioner's objections, the Court entered an order adopting the Report on February 20, 2015.  On March 2, 2015, the petitioner moved for reconsideration directing the Court to evidence that his objections had been received by the prison mail room by the new deadline set by the Court. The Court found that the objections had been timely submitted pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), and granted the petitioner's motion to reconsider.  (*See* ECF No. 87.)

objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## DISCUSSION

The petitioner's objection is 66 pages long and states specific objections to the Magistrate Judge's findings.[2] However, despite its length, the objections provide no basis for the Court to deviate from the Magistrate Judge's disposition. As an initial matter, the petitioner objects that the respondents are in possession of a security video tape from Wal-Mart that reveals that he could not have committed the crime. This argument is not properly before the Court, and even if it were, the petitioner has not adequately supported the claim with evidence.[3] Additionally, the petitioner requests funding to hire an expert to enhance the Wal-Mart security video. (*See* ECF No. 74 at 61-64.) The petitioner has not shown that he is entitled to supplement the record at this stage, and his request is denied.

---

[2] The petitioner attempts to incorporate by reference arguments he made in his prior submissions. As noted in the standard of review, the Court is only required to conduct a *de novo* review where a party makes a specific objection directing the Court to an error in the Magistrate Judge's findings. Attempting to re-raise arguments advanced prior to issuance of the Report by incorporating them by reference does not trigger *de novo* review. Here, however, the petitioner's 66 pages of objections were more than sufficient to compel a *de novo* review.

[3] The Magistrate Judge does not appear to have considered this argument.

**Ground One (A)**

The petitioner objects to the Magistrate Judge's determination on Ground One (A).  The Magistrate Judge found that the state court decisions regarding the admission of identification testimony were not based on an unreasonable interpretation of the facts in light of the evidence presented and were neither contrary to clearly established Federal law as determined by the Supreme Court nor involved an unreasonable application of such law.  Although the petitioner provides a lengthy and detailed analysis of the *Neil v. Biggers* factors, this Court, like the Magistrate Judge, concludes that the decisions regarding the admissibility of the evidence were not objectively unreasonable.

In reaching this conclusion, the Court is mindful that even where the police use a suggestive identification procedure, "suppression of the resulting identification is not the inevitable consequence."  *Fowler v. Joyner*, 753 F.3d 446, 453 (4th Cir. 2014) (quoting *Perry v. New Hampshire*, 132 S. Ct. 716, 718 (2012) (cert. *denied,* 135 S. Ct. 1530 (2015)).  As the Supreme Court observed in *Perry*, the appropriate safeguard against misleading identification procedures is not typically to suppress the evidence, but to ensure that the defendant has the opportunity to make the case to the jury that the evidence is unreliable.  *See* 132 S. Ct. at 723 ("The Constitution . . . protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit.").  Indeed, in this case, the record indicates that the petitioner's trial counsel argued to the jury that the photo lineup was unreliable and suggestive because the petitioner was the only one wearing prison clothes.  (*See* ECF No. 37-3 at 140-41.)  "In the absence of a

very substantial likelihood of irreparable misidentification, such evidence is for the jury to weigh." *Fowler*, 753 F.3d at 454 (quotation marks and citation omitted). The Court has considered the petitioner's argument that the clothing he was wearing in the photo lineup created a very substantial likelihood of irreparable misidentification because he is allegedly the only one wearing prison clothing. However, after examining the petitioner's photo from the lineup, which was closely cropped so that very little of the clothing was visible, (*see* ECF No. 93-1), the Court finds that the petitioner has not made a sufficient showing to take the issue from the jury. Moreover, the Court notes that the victim confidently identified the petitioner as her attacker in court proceedings.

Finally, in reaching this conclusion, the Court is cognizant of the substantial deference that must be afforded to state court determinations by a federal court considering a petition under 28 U.S.C. § 2254. "The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was *unreasonable*—a substantially higher threshold." *Id.* at 457 (quoting *Schriro v. Landrigan,* 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)). Accordingly, the petitioner's objection regarding Ground One (A) is overruled.

**Ground One (B)**

The Magistrate Judge rejected the petitioner's argument on this ground because his claims are based on violations of state evidence law as opposed to a violation of the Constitution. The petitioner makes a lengthy objection to this holding, but his argument again focuses on the claim that the admission of the contested evidence was in violation of state authority governing the application of state evidence rules. Moreover, the federal authority cited by the petitioner does not support the conclusion that the admission of this evidence violates the petitioner's constitutional rights.

Accordingly, the Court agrees with the Magistrate Judge and overrules the petitioner's objection regarding Ground One (B)

**Ground One (C)**

The Court agrees with the Magistrate Judge that Ground One (C) is procedurally barred and the petitioner has not shown cause or actual innocence to overcome the default.  Furthermore, the Court finds that even if the claim were preserved, it would be meritless.  A review of the record indicates that there was sufficient evidence to convict the petitioner.

**Ground Two (A) and Ground Three**

The Magistrate Judge agreed with the PCR court that trial counsel was not constitutionally ineffective for failing to object to the use of a picture of the petitioner in a photo lineup that was taken at the time the petitioner was initially arrested.  The petitioner's trial counsel testified that he did not object that the photo was illegally obtained because he believed that the police could have detained the petitioner on the suspected traffic offenses (which included driving without a license and an open container violation) even if they lacked sufficient evidence to hold him on the ABWIK charge.  The petitioner's objection, while lengthy and full of arguments that he could not be held on the ABWIK charge, does not convince the Court that the PCR court's rejection of his ineffective assistance of counsel claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly, the objection is overruled.

**Ground Two (B)**

The Magistrate Judge found that the petitioner has not demonstrated ineffective assistance of counsel based on his trial counsel's failure to object to the "hand of one, hand of all" instruction.  The petitioner objects and argues that the jury instruction shifted the burden of proof on an element of the offense.  The Court finds the argument unpersuasive and agrees with the Magistrate Judge.  The authorities cited by the petitioner in support of his claim are clearly distinguishable, and the objection is overruled.

**Ground Two (C)**

The Magistrate Judge found that ground Two (C) is procedurally barred because it was not raised/ruled upon by the PCR Court.  The South Carolina Supreme Court clarified in *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) that where a petitioner alleges that he raised an issue to the PCR court and the PCR court failed to address the issue with specific findings and conclusions, the petitioner must file a Rule 59(e) motion to preserve the issue for appellate review.  This Court has previously held that, after *Marlar*, a petitioner must filed a Rule 59(e) motion with the PCR court in order to preserve claims that the petitioner alleges were raised but not ruled upon.  *See Cutner v. Thompson*, 6:12-CV-2807-GRA, 2013 WL 4505448, at *4 n.2 (D.S.C. Aug. 22, 2013).

In his objection, the petitioner claims that the issue was raised and ruled upon, "although, it appears the PCR Order only address [sic] half of his claim.  Tr. p. 891." (ECF No. 74 at 47.)  The Court has reviewed the portion of the PCR court's order that the petitioner has cited, but does not see that the Court ruled on *any* portion of the issue.  In his objection, the petitioner argues that he attempted to raise the issue in a

7

*pro se* writ of certiorari to the South Carolina Supreme Court, but he does not direct the Court to any authority suggesting that this is a substitute for filing a Rule 59(e) motion with the PCR court.  Out of abundance of caution, and in light of the qualifying language used in *Marlar*, the Court will, nevertheless, consider the merits of the petitioner's argument.  *See Webb v. Cartledge*, CA8:09-2057-CMC-BHH, 2010 WL 2231953, at *6 (D.S.C. June 2, 2010) ("the South Carolina Supreme Court's use of qualifying language in *Marler* (noting 'the *general* rule that issues which are not properly preserved will not be addressed on appeal[,]' *Marler,* 653 S.E.2d at 267 (emphasis added)) and the Fourth Circuit's *Bostick* decision (finding that 'at the time [Bostick's] case was decided, the state courts did not distinguish, in any principled way, those cases in which it would apply the rule from those in which it would not [,]' *Bostick,* 589 F.3d at 165) both leave open the question of whether failure to file a South Carolina Rule 59(e) motion in this, or in any other case, precludes this court's consideration of the merits of Petitioner's claim.").

The petitioner alleges that his counsel was ineffective for failing to investigate the circumstances surrounding his indictment.  The petitioner's *pro se Johnson* Petition provides the following explanation:

> In this case, Petitioner was charged for his offenses on July 4th, 2001, and indicted on July 18th, 2001.  Due to the short period of time between his charges and indictments on his charges, Petitioner expressed concerns about the solicitor's indictment procedures to his trial counsel and suggested he investigate the issue.  Counsel failed to conduct any investigation and did not challenge the solicitor's indictments.  Following his trial, Petitioner was provided with a "Richland County General Sessions Court Schedule" and letter from the South Carolina Supreme Court, Clerk of Court, Stating no "Special Order" was ever issued for the Month of July, 2001 for the Court of General Sessions to be convened on July 18, 2001.  See Appx. p. 1-3

(ECF No. 37-20 at 6.)  The petitioner argues that "the absense [sic] of a July 18, 2001, term of General Sessions Court deprived the trial court of subject matter jurisdiction over his case."  (ECF No. 74 at 48.)

The Court has reviewed the documents attached to the petitioner's *Johnson* Petition, which include (1) a calendar that allegedly shows the terms of court for Circuit and Family Court for July of 2001, (2) a January 31, 2006 letter from South Carolina Court Administration purporting to enclose a court schedule, (3) a January 26, 2011 letter from South Carolina Court Administration purporting to enclose a court schedule, (4) a July 11, 2001 letter requesting a preliminary hearing for Mr. Lopez, (5) a notice that a preliminary hearing was scheduled, and (6) a copy of the indictment of Mr. Lopez for grand larceny of a motor vehicle.  As an initial matter, the Court notes that the indictment, which is barely legible, does not appear to have a date on it, but lists "#42 July Term 2001."  Second, the schedule attached as Appendix 1 shows entries for July, 2, 9, 16, 23, and 30.  The petitioner appears to have written, "No Grand Jury Held on July 18th 2001" at the bottom of the schedule.  However, the schedule does not clearly indicate that there was no grand jury held on July 18, 2001.  The dates listed (July, 2, 9, 16, 23, and 30) correspond to all of the Mondays in the month of July for the year 2001.  Indeed, the 2011 letter attached as Appendix 3 specifically states, "[t]he schedule is for that entire week (Monday – Friday) of the date shown at the top of the schedule."  Accordingly, the Court cannot conclude that there was no grand jury held on July 18 from the documents submitted by the petitioner.

Moreover, the petitioner cannot demonstrate prejudice from his counsel's alleged failure to investigate the circumstances surrounding his indictment.  In *Tate v. State*, 549 S.E.2d 601 (S.C. 2001), a petitioner argued "that counsel was ineffective in

failing to object to the indictments because the space for the date in the caption showing when the grand jury met is blank" and "alternatively . . . that this omission deprived the trial court of subject matter jurisdiction." *Id.* at 603. The South Carolina Supreme Court rejected the argument, finding that while "counsel should have raised an objection to the[] indictments because the date information was blank . . . there [was] no prejudice from counsel's conduct since the omissions in the indictments do not invalidate them." *Id.* The court held that "[t]he regularity of the proceedings of a court of general jurisdiction will be assumed in the absence of evidence to the contrary" and that "[d]espite the lack of information regarding the date on which the grand jury met, the indictments were substantively sufficient to confer subject matter jurisdiction." *Id.* at 603-604. Accordingly, the Court concludes that the petitioner cannot establish prejudice from his counsel's alleged failure to investigate the circumstances surrounding his indictment, and the petitioner's objection is overruled.[4]

### Ground Two (D) and Ground Four

The Court again agrees with the Magistrate Judge that the petitioner's trial counsel was not ineffective for failing to request or obtain a preliminary hearing and that the issue is one of state law. Nothing in the United States Constitution requires such a hearing, and to the extent that the petitioner reads *Coleman v. Alabama*, 399 U.S. 1 (1970) to require such a hearing, he is obviously mistaken. The petitioner's objection is overruled.

### Ground Two (E) and Ground Six

---

[4] The Court agrees with the Magistrate Judge that the petitioner's jurisdictional claim is governed by state law under *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) ("While it is axiomatic that we may grant the writ of habeas corpus upon the ground of lack of jurisdiction in the sentencing court, nothing in *Hailey* suggests that when the alleged defect is based solely upon an interpretation of state law that we may resolve the issue contrary to the highest court in the state absent a showing of a complete miscarriage of justice." (quotation marks and citation omitted)).

The Magistrate Judge found that the petitioner's trial counsel was not ineffective for failing to object to the petitioner's life without parole sentence on the grounds that its imposition under S.C. § 17-25-45 violated the Ex Post Facto Law.   The petitioner alleges that S.C. § 17-25-45 was amended in 1996 such that the petitioner's 1992 Pennsylvania conviction for armed robbery qualified as a "most serious offense."   The petitioner objects to the Magistrate Judge's finding, citing *Weaver v. Graham*.   Laws that impose a heightened sentence on offenders with a particular criminal history do not violate the Ex Post Facto Clause of the United States Constitution provided that the law was enacted before the enhanced offense was committed.   To the extent that the petitioner is arguing that his sentence violates the ex post facto clause of the United States Constitution, numerous courts have rejected that exact argument.   *See U.S. v. Rosario-Delgado*, 198 F.3d 1354, 1356 (11th Cir. 1999) ("Appellant concedes that the "three strikes" law went into effect before he committed the bank robbery at issue in this appeal.   Accordingly, Appellant cannot demonstrate an ex post facto violation."); *U.S. v. Kaluna*, 192 F.3d 1188, 1199 (9th Cir. 1999); *U.S. v. Rasco*, 123 F.3d 222, 227 (5th Cir. 1997) ("The Supreme Court and this court uniformly have held that recidivist statutes do not violate the Ex Post Facto Clause if they are "on the books at the time the [present] offense was committed."); *U.S. v. Rasco*, 123 F.3d 222, 227 (5th Cir. 1997) ("The Supreme Court has held that recidivist statutes not unlike that at issue here do not violate the Ex Post Facto Clause.").   Accordingly, the petitioner has not shown any violation of the Ex Post Facto Clause of the United State Constitution, and the objection is overruled.

**Ground Two (F)**

The Court agrees with the Magistrate Judge that the petitioner's trial counsel was not ineffective for the reasons alleged in Ground Two (F) for the reasons set forth in the Report.  The petitioner's objection is clearly without merit and is overruled.

**Ground Five**

Finally, the Court agrees with the Magistrate Judge that defense counsel was not ineffective for failing to introduce evidence that the victim did not have a bank account with the bank that owned the ATM from which she was allegedly attempting to withdraw money at the time she was attacked.  The petitioner cannot show that his counsel was unreasonable for failing to pursue this evidence or that there is a reasonable probability that the introduction of this evidence would have affected the outcome.  The petitioner's objection is without merit and is overruled.

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit.  Accordingly, except where inconsistent with the discussion above, the Court adopts the Report and incorporates it herein.  It is therefore ORDERED that the respondent's motion for summary judgment (ECF No. 36) is GRANTED and the petition for writ of habeas corpus is denied and dismissed.  All other motions are MOOT.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).   A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.   *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

<u>/s/ Bruce Howe Hendricks</u>
United States District Judge

September 21, 2015
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.